AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT

☐ SUPERSEDING

## OFFENSE CHARGED

8 U.S.C. § 1326(a) - Reentry of Removed Alien

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: 2/10/20 years imprisonment;
Not more than 1 year/3 years supervised release;
$250,000 fine; $100 special assessment;
denial of federal benefits; deportation.

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

### DEFENDANT - U.S

▶ Jordan Rigoberto VARELA-HERNANDEZ

DISTRICT COURT NUMBER

4:26-mj-70291 RMI

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Deportation Officer VINCENT GAVIOLA, ICE ERO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form     Craig Missakian

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     AUSA Michelle Kane

## DEFENDANT

**IS *NOT* IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

☐ Federal ☐ State

6) ☒ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution
ICE ERO San Francisco

Has detainer been filed? ☐ Yes ☐ No

} If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

**FILED**

Mar 20 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT     Bail Amount: _____

If Summons, complete following:

☐ Arraignment ☐ Initial Appearance

Defendant Address:

*\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____     Before Judge: _____

Comments:

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the

Northern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   4:26-mj-70291 RMI |
| Jordan Rigoberto VARELA-HERNANDEZ | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

```
FILED

Mar 20 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND
```

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 9, 2022 _____ in the county of _____ Alameda _____ in the
_____ Northern _____ District of _____ California _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Reentry of Removed Alien<br>Maximum penalties:<br>- Imprisonment: 2 years<br>- Fine: $250,000<br>- Supervised release: not more than 1 year<br>- Special assessment: $100<br>- Forfeiture/Immigration & Naturalization Consequences/Denial of Fed Benefits |

This criminal complaint is based on these facts:

See attached Affidavit of ICE ERO DO Vincent Gaviola

☑ Continued on the attached sheet.

Approved as to form _____ 3/18/2026 _____
             AUSA Michelle Kane

         /s/
      *Complainant's signature*

  VINCENT GAVIOLA, Deportation Officer
      *Printed name and title*

Sworn to before me by telephone.

Date:   _____ 03/19/2026 _____

         *Judge's signature*

City and state:   _____ McKinleyville, CA _____

  Hon. ROBERT M. ILLMAN, U.S. Magistrate Judge
      *Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Vincent Gaviola, a Deportation Officer with U.S. Immigration and Customs Enforcement, being duly sworn, hereby declare as follows:

### INTRODUCTION

1.      I make this affidavit in support of an application for an arrest warrant and criminal complaint charging **Jordan Rigoberto Varela Hernandez** ("VARELA HERNANDEZ") with a violation of 8 U.S.C. § 1326(a)– Illegal Reentry Following Removal.

2.      There is probable cause to believe that on, or about, March 9, 2022, in the Northern District of California, VARELA HERNANDEZ, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on, or about, July 5, 2019, without first obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission.

### AFFIANT BACKGROUND

3.      I am a Deportation Officer with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), and have been since May 2007. I am currently assigned to ERO Criminal Prosecution ("ECP") out of the San Francisco District Office ("SFR").

4.      I was trained as a Deportation Officer at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. I received advanced training at the FLETC in Glynco, Georgia, for the Fugitive Operations Training Program. As a Deportation Officer, I have conducted and participated in law enforcement investigations to identify, locate, arrest, detain, prosecute, and remove foreign nationals who pose a threat to national security and public safety.

5.      I have conducted complex investigations, executed arrests, prepared cases for removal proceedings and prosecution, and managed detention and removal of foreign nationals ordered removed from the United States by working with foreign, federal, state, and local law enforcement agencies.

Affidavit of Vincent Gaviola, Deportation Officer
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                                                    NDCA-OTBA Affidavit v.1.1

6.      I am an immigration officer of the United States within the meaning of 8 U.S.C. 1101(18). I am empowered by law and regulation to interrogate, arrest, and search for individuals present in the United States in violation of law or regulation. I am further empowered by law and regulation to make arrests for felony offenses under any law of the United States regulating the admission, exclusion, or removal of aliens. I am also empowered by law and regulation to make arrests for any offense against the United States if the offense is committed in my presence or if I have reasonable grounds to believe the individual arrested has committed a felony against the United States. Additionally, I am authorized to execute and serve any order, warrant, subpoena, summons, or other process issued under the authority of the United States.

## SOURCES OF INFORMATION

7.      The statements in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other deportation officers, deputies, agents, and witnesses. Where statements or observations are made by other individuals (including other law enforcement officers) referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part and not verbatim.

8.      I have reviewed VARELA HERNANDEZ's immigration history.

9.      Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## APPLICABLE LAW

10.      Under 8 U.S.C. § 1326(a), it is unlawful for VARELA HERNANDEZ to be in the United States after having been previously excluded, deported, and removed from the United

Affidavit of Vincent Gaviola, Deportation Officer
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                           2                        NDCA-OTBA Affidavit v.1.1

States, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States.

11.    The elements of the offense of Illegal Reentry Following Removal under 8 U.S.C § 1326(a) are:

(1) the defendant was removed from the United States;

(2) thereafter, the defendant voluntarily entered the United States;

(3) after entering the United States, the defendant knew that he was in the United States and knowingly remained;

(4) the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

(5) the defendant was an alien at the time of the defendant's entry into the United States; and

(6) the defendant was free from official restraint at the time he entered the United States.

12.    The term "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

13.    A defendant who violates 8 U.S.C. § 1326(a) shall be fined under Title 18, or imprisoned not more than 2 years, or both.

## FACTS SUPPORTING PROBABLE CAUSE

**Summary**

14.    Based on the facts set forth below, there is probable cause to believe that, on or about March 9, 2022, in the Northern District of California, VARELA HERNANDEZ, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on or about July 5, 2019, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

Affidavit of Vincent Gaviola, Deportation Officer
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                          3                          NDCA-OTBA Affidavit v.1.1

15.     As noted above, I have reviewed pertinent portions of VARELA HERNANDEZ's immigration history as available to me in DHS databases. The following allegations are based on the immigration records I have reviewed.

**VARELA HERNANDEZ is Not a United States Citizen and was Removed from the United States**

16.     VARELA HERNANDEZ is a citizen of Honduras and not a citizen of the United States.

17.     On or about June 18, 2019, the Department of Homeland Security served VARELA HERNANDEZ with a Notice and Order of Expedited Removal (DHS Form I-860), which contained a "Determination of Inadmissibility."

18.     On or about July 5, 2019, VARELA HERNANDEZ fixed his thumb print to a document titled "Notice to Alien Ordered Removed/Departure Verification" (DHS Form I-296), which contained his A number 201 919 018. The document states in part:

> In accordance with the provisions of section 212(a)(9) of the [Immigration and Nationality] Act, you are prohibited from entering , attempting to enter, or being in the United States…[f]or a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act.

19.     On or about July 5, 2019, the defendant was removed by airplane from the United States to Honduras via the Phoenix-Mesa Gateway Airport.

**VARELA HERNANDEZ's Unlawful Reentry**

20.     I have reviewed law enforcement records pertaining to VARELA HERNANDEZ, including arrest records and other various police and immigration reports available to me as a Deportation Officer. Based on my review of these records, I believe that on an unknown date after July 5, 2019, VARELA HERNANDEZ voluntarily, and illegally, entered the United States at an unknown place. After entering the United States, the defendant knew that he was in the United States and knowingly remained.

Affidavit of Vincent Gaviola, Deportation Officer
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                                    4                    NDCA-OTBA Affidavit v.1.1

21.     According to VARELA HERNANDEZ's FBI Criminal History Report, he was arrested in Alameda County, California, on March 9, 2022, for Possession/Purchase for Sale of Narcotic/Controlled Substance under Cal. Health & Safety Code § 11351(A), Possession of a Controlled Substance under Cal. Health & Safety Code § 11377(A), and Possession of a Controlled Substance for Sale under Cal. Health & Safety Code § 11378(A).

22.     The Criminal History Report also reflects that VARELA HERNANDEZ was booked at the Alameda County jail on or about March 9, 2022, where his fingerprints were taken as part of the standard booking procedures, which initiated an Immigration Alien Response ("IAR") in the DHS ICE indices. I understand that the IAR is an automatic record generated from biometrics (including fingerprints) taken from a specific individual and used to automatically notify FBI/DHS when fingerprint biometrics are confirmed regarding a subject's identity. Due to the fact that on or about March 9, 2022, VARELA HERNANDEZ's fingerprints were taken based on Alameda County Jail's booking procedures, which is readily provable with fingerprint evidence (as explained more fully in the following section), I am relying on this date for when VARELA HERNANDEZ was found in the Northern District of California after his last removal on or about July 5, 2019.

23.     I know from my training and experience that the fingerprints and images obtained in the ACSO booking procedure were electronically submitted to the California Department of Justice ("CAL DOJ"), National Crime Information Center ("NCIC"), Next Generation Identification ("NGI"), and DHS/ICE databases. I compared the fingerprints taken from VARELA HERNANDEZ on or about the date of his July 5, 2019, removal and the fingerprints taken when he was arrested on or about March 9, 2022. I am not a certified fingerprint examiner, however, I based my comparison on my training and experience with fingerprint samples. Based on my comparison, I believe that the two sets of fingerprints matched.

//

Affidavit of Vincent Gaviola, Deportation Officer
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                           5                    NDCA-OTBA Affidavit v.1.1

**Confirmation of VARELA HERNANDEZ's Identity**

24.    I conducted electronic records checks using various DHS records to verify VARELA HERNANDEZ's unique fingerprint identification number ("FIN"). The printouts of ICE computer indices on VARELA HERNANDEZ through Person Centric Identity Services ("PCIS"), DHS/USCIS Central Index System ("CIS") and Person Centric Query Service ("PCQS") all confirmed that VARELA HERNANDEZ's FIN is 1281975650 and his FBI number is DJVLJM9TV.

25.    I then compared VARELA HERNANDEZ's FIN ending in -5650 and FBI number ending in -M9TV to the FIN and FBI number obtained from VARELA HERNANDEZ at his U.S. Immigration and Customs Enforcement encounter in connection with his arrest on March 9, 2022, and the numbers both matched. I determined that VARELA HERNANDEZ is the person whose details are contained in the computer indices, was removed from the United States on or about July 5, 2019, and was then located and arrested following his return to the United States on or about March 9, 2022.

26.    VARELA HERNANDEZ's FIN (1281975650) and FBI number (DJVLJM9TV) are also located on various documents in his immigration record. I thus determined that VARELA HERNANDEZ was the person whose details are contained in the ICE computer indices and in the A-File information discussed in this affidavit.

27.    Furthermore, I know from my training and experience that the Alien Registration Number ("A Number") is a unique identifying number assigned to only one individual; also, it is the number listed on the A-File for that individual. I know from my review of DHS databases and the DHS Central Index System that A Number A201-919-018 is associated with VARELA HERNANDEZ's July 5, 2019, removal.

**There is No Record of VARELA HERNANDEZ Obtaining Consent to Reenter**

28.    On or about March 11, 2026, I reviewed the electronic printouts of ICE computer indices on VARELA HERNANDEZ for information pertaining to removals or deportations.

Affidavit of Vincent Gaviola, Deportation Officer
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                    6                    NDCA-OTBA Affidavit v.1.1

29.     Based on my training and experience, I know that the ICE computer indices (including A-File information) track and document each time an alien is removed, deported or excluded from the United States by ICE; was removed, deported or excluded by the former agency know as INS; or is granted permission to enter or re-enter the United States. The ICE computer indices and A-File record information confirmed that VARELA HERNANDEZ received an order of removal and was then removed, deported, and/or excluded on or about July 5, 2019.

30.     The ICE computer indices indicated that VARELA HERNANDEZ had not applied for, nor obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. A Department of Homeland Security, U.S. Citizen and Immigration Services, Certificate of Nonexistence of Record dated March 12, 2026, also states that VARELA HERNANDEZ had not applied for, nor obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

**Additional Narcotics and Immigration Arrests Before and After Removal**

31.     According to VARELA HERNANDEZ's FBI Criminal History Report, he was arrested in the United States at or near Sasabe, Arizona, on June 17, 2019, for Illegal Entry under 8 U.S.C. § 1325.

32.     On or about June 19, 2019, VARELA HERNANDEZ was convicted in the United States District Court for the District of Arizona - Tucson of Illegal Entry under 8 U.S.C. § 1325(a)(1), which is a misdemeanor, and committed to the custody of the United States Bureau of Prisons to a prison term of time served.

33.     According to VARELA HERNANDEZ's FBI Criminal History Report, he was arrested in Marin County, California, on March 15, 2022, for Possession of Narcotic/Controlled Substance under Cal. Health & Safety Code § 11351(A).

34.     Subsequently, according to VARELA HERNANDEZ's FBI Criminal History Report, he was arrested again in San Francisco County, California on March 4, 2023, for

Affidavit of Vincent Gaviola, Deportation Officer
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                                    7                          NDCA-OTBA Affidavit v.1.1

Possession/Purchase for Sale of Narcotic/Controlled Substance under Cal. Health & Safety Code § 11351(A), Possession/Purchase Cocaine Base for Sale under Cal. Health & Safety Code § 11351.5(A), Possession of a Controlled Substance for Sale under Cal. Health & Safety Code § 11378, Possession for Sale of a Controlled Substance under Cal. Health & Safety Code § 11375(B)(1), and Conspiracy Cal. Penal Code § 182(A)(1).

35. Subsequently, according to VARELA HERNANDEZ's FBI Criminal History Report, he was arrested in Alameda County, California, on May 31, 2023, for Possession/Purchase for Sale of Narcotic/Controlled Substance under Cal. Health & Safety Code § 11351(A), Possession of a Controlled Substance for Sale under Cal. Health & Safety Code § 11378.

36. Subsequently, according to VARELA HERNANDEZ's FBI Criminal History Report, he was arrested in Alameda County, California, on April 30, 2024, for Possession/Purchase for Sale of Narcotic/Controlled Substance under Cal. Health & Safety Code § 11351, Possession of a Controlled Substance for Sale under Cal. Health & Safety Code § 11378.

37. Subsequently, according to VARELA HERNANDEZ's FBI Criminal History Report, he was arrested in Alameda County, California, on August 22, 2024, for Possession/Purchase for Sale of Narcotic/Controlled Substance under Cal. Health & Safety Code § 11351 and Conspiracy to Commit Crime under Cal. Penal Code § 182(A)(1).

38. On May 22, 2025, VARELA HERNANDEZ was convicted in the Superior Court for the State of California, in the County of Alameda, of Cal. Health and Safety Code § 11352 – Possession/Purchase for Sale Narcotic/Controlled Substance, a felony. As a result of this conviction, VARELA HERNANDEZ was sentenced to a total of 1 day in jail and 2 years' probation.

Affidavit of Vincent Gaviola, Deportation Officer
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                                        8                        NDCA-OTBA Affidavit v.1.1

39.    After the May 22, 2025, conviction, VARELA HERNANDEZ was arrested again on May 25, 2025, in San Francisco County, California for Possession/Purchase for Sale of Narcotic/Controlled Substance under Cal. Health & Safety Code § 11351.5.

40.    On March 10, 2026, VARELA HERNANDEZ was found in the United States again and apprehended for violating U.S. immigration laws by U.S. Immigration and Customs Enforcement officers and the U.S. Marshals Service, after exiting a residence located in San Francisco, California, during a targeted enforcement operation.

41.    VARELA HERNANDEZ's fingerprints were taken as part of standard booking procedures following his March 10, 2026, arrest.  The fingerprints obtained from VARELA HERNANDEZ on March 10, 2026, were electronically submitted to the California Department of Justice, National Crime Information Center/Next Generation Identification, and DHS/ICE databases. ICE confirmed that the fingerprints taken from VARELA HERNANDEZ on or about the date of his July 5, 2019, removal matched the fingerprints taken when he was arrested on or about March 10, 2026.

42.    Based on all the facts set forth above, I conclude that VARELA HERNANDEZ was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; was an alien at the time of his entry into the United States; was free from official restraint at the time he entered the United States; and knowingly and intentionally remained in the United States thereafter. As set forth above, VARELA HERNANDEZ was found in the Northern District of California on or about March 9, 2022.

//

Affidavit of Vincent Gaviola, Deportation Officer
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                    9                    NDCA-OTBA Affidavit v.1.1

## CONCLUSION

43.     Based on the information above, there is probable cause to believe that on or about July 5, 2019, Jordan Rigoberto VARELA HERNANDEZ violated 8 U.S.C § 1326(a) – Illegal Reentry Following Removal. Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

_____/s/_____
Vincent Gaviola
Deportation Officer
Immigration and Customs Enforcement

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this 19th day of March 2026.

_____
HONORABLE ROBERT M ILLMAN
United States Magistrate Judge

Affidavit of Vincent Gaviola, Deportation Officer
In support of an Arrest Warrant under
8 U.S.C § 1326(a)                    10                    NDCA-OTBA Affidavit v.1.1